[No. 8691.   Department Two.—August 24, 1885.]

## LEON DE LAURENCEL ET AL., APPELLANTS, v. ROMAIN CAMILLE DE BOOM, RESPONDENT.

ESTATE OF DECEASED PERSON—TRUST—INTERPRETATION—DISTRIBUTIVE SHARE. —A testator left all his property in trust to be distributed among his heirs, the children of a deceased sister and those of a deceased brother. *Held*, that under the provisions of the trust the children were to take the property in equal shares, and not by way of representation.

APPEAL from an order of the Superior Court of the city and county of San Francisco refusing a new trial.

The action was brought to obtain a distribution of the trust property. The remaining facts are stated in the opinion of the court.

*Edward J. Pringle*, for Appellants, cited *Estate of Apple*, 66 Cal. 432.

*Timothy J. Lyons*, for Respondent, cited 1 Perry on Trusts, § 257; Lewin on Trusts, pp. 706, 707; *Blackler* v. *Webb*, 2 P. Wms. 383; *Campbell* v. *Wiggins*, 1 Rice's Eq. 10; *Hill* v. *Bowers*, 120 Mass. 135; *Ex parte Verplanck*, 91 N. Y. 439, 445.

MYRICK, J.—Jean Corneille De Boom was a naturalized citizen of the United States. He died in 1870, domiciled in

France. His next of kin him surviving were three De Laurencels, children of a deceased sister, and five De Booms, children of a deceased brother. He left some property in France, but the bulk of his property was in this State, consisting of real and personal estate. By the will of the deceased (which has been probated and the property distributed accordingly) all his property was devised to his nephew Romain Camille De Boom, in trust for certain specified purposes, with a direction that after the expiration of ten years the same was to go to the De Booms and De Laurencels. In what proportion is the question before us? It is contended on behalf of the De Laurencels that the nephews and nieces are to take as by right of representation according to the law of France, giving to them one half the property, the other half going to the De Booms; while it is contended on behalf of the De Booms that the property is to be divided in equal proportions among all. The court below decreed in accordance with the latter proposition.

The instructions left by the deceased for the guidance of the trustee contain the following clause: "After ten years of administration, and after having settled with the greater portion of the creditors, you will raise money enough to pay the balance in full. At that time you shall also disclose to all my heirs, the De Booms as well as the Laurencels, the state of my succession, and the manner in which you intend, either immediately or later, to place them in possession, each for what comes to him; and if you do not elect a distribution of my succession at the expiration of ten years after my death, after a settlement with the creditors, you will account to and pay over to each of my heirs the revenues as you receive them. Confiding in your fidelity, I leave it to you to distribute either the whole or a part of the capital of my estate among my heirs, or the revenues only during twenty years from the date of my death."

In cases of intestacy there can be no doubt of the proposition as to real property that the law of its situation will control. (Story on Conflict of Laws, § 474, n.) In general, it is held as to personal property that the law of the domicil will control, unless there be a local law directing otherwise. But the deceased did not die intestate; he left a will with instructions, under which will and instructions the trustee holds the property.

We .must, therefore, look at the will and instructions, holding them, as it were, by the four corners, to see if we can ascertain his intentions. He made "all my heirs, the De Booms as well as the Laurencels," the recipients of the proposed bounty. We are of opinion that when the testator said his property was to go to all his heirs, the De Booms as well as the Laurencels, he did not mean in the proportions directed by the law of his domicil, nor according to the law of succession in this State in cases of intestacy, but he said, in effect, "the De Booms and Laurencels are my heirs, and I wish them to have my bounty." The words "all my heirs" are not to be taken in this case solely as meaning those who take in case of intestacy, but are to be considered in their relation to the words "the De Booms as well as the Laurencels." The testator did not mean that all persons named De Boom or Laurencel should take; but that the persons of either name who stood in an inheritable relation to him should take. Both families did stand in that relation, and so standing and being thus grouped the principle comes in that where a class is named as devisees, all of that class shall share, and shall share equally. In this view, we think the language used by the testator is clear, and expressed the intention that the relatives named in the record should take equally.

Order affirmed.

MORRISON, C. J., and THORNTON, J., concurred.